UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00455-FWS-JDE Date: August 31, 2026
Title: Jose Ramirez v. Francis Sullivan *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDER [55]**

Plaintiff Jose Ramirez brings this case against Defendants Francis Sullivan ("Mr. Sullivan"); United States Clean Energy Authority, LLC; and Solar Direct Club, LLC (the latter two defendants together, the "Entity Defendants"). (*See generally* Dkt. 1 (Complaint).) Plaintiff previously moved to dismiss Defendant Francis Sullivan and the court granted the motion after no opposition was filed. (Dkts. 54 ("Motion"), 55 ("Order").) In the court's Order Granting the Unopposed Motion to Dismiss With Prejudice Defendant Francis Sullivan, the court stated:

> The deadline for Plaintiff to seek default judgment against the Entity Defendants remains as previously set for **August 28, 2026**. (Dkt. 53.) **Failure to file a motion for default judgment against Entity Defendants or seek other appropriate relief by the deadline set by the court will result in dismissal of the remainder of this case for lack of prosecution and/or failure to comply with a court order.**

(Dkt. 55 ¶ 3 (emphases in original).) The deadline for Plaintiff to seek default judgment against the Entity Defendants has now passed and nothing has been submitted. (*See generally* Dkt.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00455-FWS-JDE Date: August 31, 2026
Title: Jose Ramirez v. Francis Sullivan *et al.*

District courts "have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). When determining "whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

In this case, the court finds these factors support dismissal due to Plaintiff's failure to prosecute the case and comply with the court's order to seek default judgment against the Entity Defendants on or before August 28, 2026. As to the first factor, "[t]he public's interest in expeditious resolution of litigation *always* favors dismissal." (*Id.*)

The court finds the second factor also favors dismissal because "it is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants such as [Plaintiff]." (*Id.*) A plaintiff's failure to comply with a court order to file a motion for default judgment on or before a certain date hinders the court's ability to manage its own docket. *Keawe v. Dept of Pub. Safety*, 2024 WL 1495085, at *2 (D. Haw. Mar. 15, 2024), *report and recommendation adopted,* 2024 WL 1492630 (D. Haw. Apr. 5, 2024) (dismissing case without prejudice when plaintiff failed to comply with court deadlines to file motion for default judgment, reasoning as to this factor that "the Court's need to manage its docket weighs in favor of dismissal because Plaintiff's failure to comply with the Court's prior orders has interfered with the Court's ability to manage its docket").

The court finds that the third factor, the risk of prejudice to Defendants, favors dismissal because Defendants are already in default. (*Id.*) ("[Given Defendant's default, the risk of prejudice to Defendant is minimal.")

The court finds the fourth factor also favors dismissal because the court has attempted less drastic alternatives, but they have been unsuccessful. Indeed, the court gave Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00455-FWS-JDE Date: August 31, 2026
Title: Jose Ramirez v. Francis Sullivan *et al.*

adequate notice that Plaintiff must move for default judgment against the Entity Defendants, and clearly informed Plaintiff that failure to timely move for default judgment would result in dismissal without further notice or order. (Dkt. 55 ¶ 3); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), *as amended* (May 22, 1992) ("[A] district court's warning to a party that his or her failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."); *see also Alliant Credit Union v. Vessel EAGLE REST*, 2010 WL 3746727, at *2 (N.D. Cal. Sept. 20, 2010) ("The Court's prior order warned Plaintiff that the failure to file an amended complaint or a notice of voluntary dismissal would result in the dismissal of the action."); *Keawe*, 2024 WL 1495085, at *2 ("Fourth, less drastic sanctions are not appropriate and would be futile given Plaintiff's repeated failure to comply with the Court's prior orders.").

Finally, the public policy favoring disposition on the merits generally weighs against dismissal, but "it logically rests upon an inherent presumption a litigant . . . has manifested a diligent desire to prosecute his or her claims." *Ewing v. Ruano*, 2012 WL 2138159, at *2 (C.D. Cal. June 12, 2012). Indeed, "it is the plaintiff's responsibility to move a case toward a merits disposition." *Thomas v. Kernan*, 2019 WL 8888200, at *1 (C.D. Cal. July 10, 2019) (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)). Therefore, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted). The court finds Plaintiff's failure to prosecute this case and timely comply with the court's order to file a motion for default judgment on or before a particular date lessens the weight of the public policy favoring disposition on the merits. *See Ewing*, 2012 WL 2138159, at *2. The court therefore finds this factor is neutral and does not preclude dismissal.

In summary, on balance, the court finds the relevant factors weigh in favor of dismissal of this case. *See Ferdik*, 963 F.2d at 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here."). Consistent with the court's statement, (Dkt. 55 ¶ 3), this case is **DISMISSED WITH**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00455-FWS-JDE Date: August 31, 2026
Title: Jose Ramirez v. Francis Sullivan *et al.*

**PREJUDICE.** *See* Fed. R. Civ. P. 41(b); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of court."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts may "act sua sponte to dismiss a suit for failure to prosecute") (cleaned up); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [their] failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (affirming *sua sponte* dismissal with prejudice "for failure to prosecute and for failure to comply with a court order"); *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (stating "[d]istrict courts have inherent power to control their dockets" and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal"); *see, e.g.*, *Keawe v. Dept of Pub. Safety*, 2024 WL 1495085, at *2 (D. Haw. Mar. 15, 2024), *report and recommendation adopted,* 2024 WL 1492630 (D. Haw. Apr. 5, 2024) (dismissing case without prejudice when plaintiff failed to comply with court deadline to file motion for default judgment).

**IT IS SO ORDERED.**